## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

Korrie Johnson,

              Plaintiff,

      v.

Barnett Outdoors, LLC,

              Defendant.

**DECISION and ORDER**

21-CV-6311-MJP

## APPEARANCES

**For Plaintiff:**           **Andrew J. Connelly, Esq.**
Andrews, Bernstein, Maranto & Nicotra PLLC
420 Franklin Street
Buffalo, NY 14202

**For Defendant:**          **Christopher T. Sheean, Esq.**
Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, IL 60611

## INTRODUCTION

Allowing parties to amend their pleadings can simplify a case—assuming they address the correct legal standard. But here, Johnson has failed to address the correct legal standard under controlling Second Circuit precedent. The Court denies his second motion to amend for this reason.

Separately, even if the Court considered Johnson's motion under the correct legal standard, it fails. Johnson provides threadbare "good

cause" under Rule 16(b) for filing the motion outside of the applicable deadline. Johnson wants to add allegations to meet the "federal standard"—a standard Johnson has known about since this case was removed. And even for the expert report information Johnson only recently obtained, his arguments about good cause are perfunctory.

## BACKGROUND

Plaintiff Korrie Johnson sued Defendant Barnett Outdoors, LLC, filing his complaint in state court on March 18, 2021. (ECF No. 39-3.) Johnson purchased a crossbow that Barnett Outdoors "designed," "manufactured," "marketed," and "distributed." (*Id.* ¶¶ 5–8.) He alleges that "while in the process of utilizing" this crossbow that he suffered injury. (*Id.* ¶ 10.)

Barnett Outdoors removed the case to this Court on April 9, 2021. (ECF No. 1.) On August 13, 2021, the parties consented to magistrate judge jurisdiction, permitting the undersigned to dispose of this case. (ECF No. 9.)

### *The parties agree to multiple scheduling orders.*

After consenting, parties proceeded with discovery, agreeing to multiple scheduling orders under Rule 16. Each of these had a deadline for motions to amend. (3d Am. Scheduling Order ¶ 3, Feb. 9, 2023, ECF No. 33; 2d Am. Scheduling Order ¶ 3, May 17, 2022; Am. Scheduling Order ¶ 3, Mar. 4, 2022.) Johnson moved to amend well after the applicable deadline of December 15, 2021. (Scheduling Order ¶ 3, ECF

No. 10, Aug. 16, 2021.) He moved nearly two years later, on September 7, 2023. (ECF No. 39.)

> ***Johnson brings his late motion to amend for two reasons.***

According to Johnson, his motion to amend serves two purposes. First, Johnson acknowledges, "[t]he Federal pleading standard is much different." (Mem. of Law, ECF No. 45-11, Nov. 15, 2023.) Johnson thus "seeks to [ ] amplify his original pleading to meet the Federal standard." (*Id*. at 2.) Second, Johnson notes his proposed amendments are based on a "recently completed" expert report. (*Id*. at 4.) Johnson adds that "[t]he amendments to the [c]omplaint are highly technical in nature." (*Id*. at 5.) For a bit of the proposed amended complaint, this may be true.

But the complaint seems largely devoted to amplifying—not adding—expert material. Looking at the proposed amendments, many are not "highly technical in nature." (*Id*.) Really, just a handful of the proposed amendments seem to deal with new information that Johnson may have learned during expert discovery. (Proposed Am. Compl. ¶¶ 22–25, ECF No. 45-12, Nov. 15, 2023.)

Still, the Court offered Johnson the chance to fix this problem. The Court did so by attempting to refer Johnson to Rule 16 when denying his first motion to amend. (Text Order, ECF No. 43, Oct. 16, 2023.) The Court hoped Johnson would address Rule 16's required

showing of "good cause" for failure to comply with the operative scheduling order. He did not.

### *Johnson attempts to show good cause under Rule 6.*

Johnson's second attempt at amending references Rule 6, not Rule 16. He claims that, under Rule 6, he has "good cause for not moving to amend his [c]omplaint until now." (Mem. of Law at 5, ECF No. 45-11.) Even if the Court imported Johnson's Rule 6 arguments into Rule 16, Johnson's motion to amend still fails. Again, Johnson's good cause rests on his expert's report not being available until recently. But most of the additions Johnson seeks do not seem to be based on his expert's report.

## DISCUSSION

### *Johnson fails to address the correct legal standard.*

Ordinarily, Johnson's motion to amend would be governed by Rule 15(a)(2). Under this standard, leave to amend "should be freely granted." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). That is not the standard here. Johnson has failed to recognize Rule 16's role in motions to amend.

That failure is despite controlling Second Circuit precedent.[1] "Where, as here, a scheduling order governs amendments to the complaint … the lenient standard under Rule 15(a) … must be balanced

---

[1] And despite the Court's text order from October 16, 2023, which specifically referenced the deadlines for motions to amend in the Court's scheduling orders and Rule 16. (ECF No. 43.)

against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009) (cleaned up).

Yet nowhere does Johnson address Rule 16(b)'s good cause standard. The Court denies his second motion to amend on this basis. But this also means that, as discussed more fully below, Johnson has failed to meet his burden on this motion.

### *Johnson has not met his burden of showing diligence.*

Even if the Court considered Johnson's motion on the merits, the Court would still deny it. Most of the proposed amendments consist of information Johnson knew or should have known long ago. And the balance of the proposed amendments are only supported by a perfunctory showing of good cause. In either event, Johnson has failed to meet his burden on this motion.

**Legal Standard.** In the "good cause" analysis, "the primary consideration is whether the moving party can demonstrate diligence," but the Court may also consider "other relevant factors including ... whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). These other factors do not excuse the moving party from demonstrating diligence. *Engles v. Jones*, 405 F. Supp. 3d 397, 407 (W.D.N.Y. 2019) (quoting *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y.

2012)) ("[T]o show good cause, a movant must demonstrate that it has been diligent[.]") (alterations added). The Court thus looks first to diligence, which Johnson fails to demonstrate.

And as these cases suggest, the burden of showing good cause—and thus diligence—rests on Johnson. *Villa v. Sw. Credit Sys., L.P.*, No. 19-CV-01701 JLS JJM, 2020 WL 3808911, at \*3 (W.D.N.Y. June 10, 2020), *adopted*, 2020 WL 3802936 (W.D.N.Y. July 7, 2020); *see also Ritchie Risk-Linked Strategies Trading (Ireland) Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 (S.D.N.Y. 2012). Johnson cannot meet this burden if "the proposed amendment rests on information" he knew, "or should have known, in advance of the deadline" for motions to amend. *Thomas v. ConAgra Foods, Inc.*, No. 20-CV-6239-EAW-MJP, 2022 WL 3227644, at \*3 (W.D.N.Y. Apr. 21, 2022), *adopted*, 2022 WL 3699408 (W.D.N.Y. Aug. 26, 2022) (quotation omitted). That being the case, the Court denies Johnson's motion to amend.

**Lack of diligence.** Here, Johnson knew or should have known much of the information he seeks to add to his complaint well in advance of the deadline. *See id*. The federal pleading standard should have been well known to Johnson upon removal over two years ago. He thus fails to demonstrate diligence, warranting denial. *See generally id.*; *Nanjing CIC Int'l Co. v. Schwartz*, 2022 WL 170606, at \*8 (W.D.N.Y. Jan. 19,

2022) ("The standards of Rule 16(b) must be met first and cannot be short-circuited by an appeal to those of Rule 15(a).") (quotation omitted).

Johnson argues there is good cause under Rule 6 because Johnson "did not have" his expert's "report or findings" at the deadline for motions to amend. (Mem. of Law at 5, ECF No. 45-11.) Johnson repeats his refrain that "[t]he amendments to the [c]omplaint are highly technical in nature." (*Id.*) But Johnson's claim that "[d]ue to the highly technical nature of the case, plaintiff could not amend his [c]omplaint before now" applies, at best, only to a small portion of his complaint. (*Id.*)

Most of the proposed amendments to Johnson's complaint are hardly "highly technical"—or even technical at all. Most seek to "amplify" Johnson's pleadings. For example, Johnson would like to add that he suffered injuries "to his head, face, right eye and neck." (Proposed Am. Compl. ¶ 10, ECF No. 45-12.) But this information was easily accessible to Johnson's attorney when Barnett Outdoors removed this case. *See Engles*, 405 F. Supp. 3d at 407 (quoting *Lamothe v. Town of Oyster Bay*, No. 08-CV-2078 ADS AKT, 2011 WL 4974804, at *7 (E.D.N.Y. Oct. 19, 2011) ("Attorney neglect, carelessness, or oversight is not a sufficient basis for a court to amend a Scheduling Order pursuant to Rule 16(b).") (collecting cases).

Johnson similarly wants to add a paragraph regarding damages that discusses his injuries, noting that he "has suffered and will continue

to suffer" medical problems. (Proposed Am. Compl. ¶¶ 15, 29, 33, ECF No. 45-12.) The same reasoning applies.

In sum, unless Johnson can explain how these proposed additions relate to his expert's report in yet another attempt at amending his complaint, the Court will not permit them. At present, Johnson has failed to meet the applicable burden.

**Perfunctory good cause.** Several paragraphs of Johnson's proposed amended complaint do appear to relate to Johnson's expert's report. (*See* Proposed Am. Compl. ¶¶ 22–25, ECF No. 39-6.) But these proposed additions still fail. Johnson provides only perfunctory explanations for good cause—setting aside the fact that he has addressed the wrong legal standard.

Johnson maintains that "[t]he excusable neglect here is that plaintiff only recently received the report from his expert." (Mem. of Law at 6, ECF No. 45-11.) But Johnson does not explain *what* information from his expert report he needs to add to his complaint. Johnson only states vaguely that because this information is "highly technical … it was only after receiving" his expert's report "that [Johnson] could amend his complaint." (*Id.*) This is not enough for Johnson to meet his burden on this motion. Johnson must explain what *new information* came from his expert's report that he can *only now* add to his complaint.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Johnson's second

motion to amend, (ECF No. 45), without prejudice.

**IT IS SO ORDERED.**

Dated:     November 20, 2023
           Rochester, NY

MARK W. PEDERSEN
United States Magistrate Judge