# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

**Korrie Johnson,**

      Plaintiff,

    v.

**Barnett Outdoors, LLC,**

      Defendant.

**ORDER**

21-CV-6311-MJP

## APPEARANCES

For Plaintiff:      **Andrew J. Connelly, Esq.**
Andrews, Bernstein, Maranto & Nicotra PLLC[1]
420 Franklin Street
Buffalo, NY 14202

For Defendant:      **Christopher T. Sheean, Esq.**
Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, IL 60611

## INTRODUCTION

Counsel of record Andrew Connelly parted ways with Andrews, Bernstein & Maranto ("ABM") just a day after I issued an unfavorable ruling on a pending motion to amend. I have since learned, based on communications from ABM, that Connelly intends to leave this case behind.

---

[1] This law firm is now Andrews, Bernstein & Maranto, PLLC ("ABM").

I take no position on whose case this is. But I take a strong position on avoiding prejudice to Plaintiff Johnson. I therefore **ORDER** Connelly and his former firm, ABM, to meet, confer, and file a jointly signed status letter informing me of who will be handling this case going forward **no later than December 12, 2023.**

## BACKGROUND

This case involves an allegedly defective crossbow that Defendant Barnett Outdoors, LLC, allegedly manufactured. (Compl. ¶ 6, ECF No. 39-3, Mar. 18, 2021.) Plaintiff Korrie Johnson alleges that while using Barnett Outdoors' crossbow he suffered injury. (*Id*. ¶ 10.) The parties consented to magistrate judge jurisdiction, allowing me to decide this case. (ECF No. 9.)

On November 20, 2023, I denied Johnson's second motion to amend his complaint for failure to address—or even acknowledge—the proper legal standard provided by Federal Rules 15 and 16. (Decision & Order, ECF No. 46.) I also analyzed the proposed amended complaint under the correct legal standard, and still found much of it to be deficient. (*See generally id*.)

Just a day later, Connelly wrote to me. (Letter, ECF No. 47, Nov. 21, 2023.) Connelly told me that he was no longer with ABM. (*See id*.) He told me to "direct all future correspondence in this matter to Robert J. Maranto, Jr.," of ABM. (*Id*.) I assume Connelly believes this will remove him from this case. I also note that Maranto was copied on that

correspondence. (*Id*.) My staff has copied him on every communication since. And I have ensured that he will receive a copy of this order.

As I discuss below, Connelly remains counsel of record. I issued a text order alerting Connelly to this fact on the same date. (ECF No. 48.) I directed Connelly and ABM to "comply with Local Rule 83.2(c), which provides for substitution of counsel, no later than November 30, 2023, to effect th[e] change of counsel." (*Id*.) I stated that "[u]ntil the requirements of Local Rule 83.2(c) are met, Attorney Connelly is not relieved as counsel of record." (*Id*.) **I did not state who was inheriting this case.** Instead, I directed that "Plaintiff" needed to comply with Local Rule 83.2. My staff separately emailed ABM and Connelly to tell them that they needed to comply with Local Rule 83.2.

On December 4, 2023, a member of my staff again alerted Connelly and ABM to the need for substitution. In several communications, my staff attempted to communicate that I would provide Connelly and ABM time to determine who will take over this case. True, my staff stated that since Connelly is still counsel-of-record, he has ethical duties to Plaintiff. But that does not determine the question of who must take over this case.

Indeed, I have no stake in the question of who must take over this case. That is up to Connelly and ABM. But I do have a stake in ensuring that the requirements of Local Rule 83.2(c) are met and that Johnson is

not prejudiced. And to date, no substitution has occurred. I thus issue this order directing compliance with Local Rule 83.2(c).

## DISCUSSION

### *Connelly remains counsel of record.*

"Rule 83.2(c) of the Local Rules of Civil Procedure, entitled 'Attorney Withdrawal/Substitution,' sets forth the procedure by which '[a]n attorney who has appeared as counsel of record in a civil matter may withdraw or be substituted by successor counsel." *Medina v. Angrignon*, No. 15-CV-0427RJA, 2022 WL 1555083, at *4 (W.D.N.Y. May 17, 2022) (quoting W.D.N.Y. Loc. R. Civ. P. 83.2(c)). Here, Connelly and ABM have not followed any of the paths Local Rule 83.2(c) provides for substitution. Worse, Connelly presumes that by telling me to "direct future correspondence in this matter to Robert J. Maranto, Jr.," that he has taken himself off this case. Connelly is mistaken. He remains counsel of record until he or his soon-to-be former firm comply with Local Rule 83.2(c).

That may seem harsh. But I have two responses. First, the burden of complying with Local Rule 83.2(c) is low: new counsel could file notice under the rule stating that they are now counsel of record and that Johnson, the client, agrees to this change.

Second, Local Rule 83.2(c) serves a critical purpose: it buttresses attorneys' ethical obligations when switching law firms. Attorneys have ethical obligations to ensure that their move does not prejudice their

soon-to-be former clients. N.Y. Prof. R. 1.16 (noting the duty to avoid foreseeable prejudice to the client resulting from job change). And they must communicate an impending move. N.Y. Prof. R. 1.4 (noting the duty to communicate material developments). The Court also benefits because Local Rule 83.2 prevents delay.

***While Connelly remains counsel of record, Local Rule 83.2 is procedural; it does not determine who will inherit this case.***

Local Rule 83.2 describes the *procedure* for substituting attorneys. *See Medina*, 2022 WL 1555083, at *4. It does not determine ethical responsibilities or who is responsible for handling a case under an applicable retainer. It is not a Catch-22. Thus, ABM may not use it to force Connelly to stay on this case if the retainer provides otherwise. But again, this is an issue for Connelly and ABM—not me.

## CONCLUSION

For the foregoing reasons, I **ORDER** Connelly and his former firm, ABM, to meet, confer, and file a jointly signed status letter informing me of who will be handling this case going forward **no later than December 12, 2023.** I further direct Connelly and ABM to comply with Local Rule 83.2(c) by the same date.

**IT IS SO ORDERED.**

Dated:   December 5, 2023
         Rochester, NY

MARK W. PEDERSEN
United States Magistrate Judge